## MARCK v. GETTLER.

Common Pleas Court, Hamilton County.

No. A-108662. Decided August 5, 1949.

Leo J. Brumleve, David B. Wood, Cincinnati, for plaintiff.
Lucien G. Strauss, Robert P. Fosdick, Cincinnati, for defendant.

## OPINION

By BELL, J.

This is an action in which the plaintiff seeks an injunction and the defendant asks for money damages. The pleadings in the case consist of an amended petition, answer to the amended petition and cross-petition of the defendant, reply and answer to cross-petition and reply to answer to cross-petition.

The evidence discloses that the plaintiff, Marck, was and is the owner of the building known as 210-216 East Fifth Street, Cincinnati, Ohio. This building is a four-story brick, having four (4) stores on the ground floor and twenty-eight (28) rooms on the three upper floors. The plaintiff occupies one of these stores in his business and leases the other three to different tenants. The three upper floors are used for hotel purposes and this part of the building known as 210-216 East Fifth Street is known as the Mayfair Hotel.

The four (4) stores on the ground floor have each a separate entrance fronting on Fifth Street; none of these stores are connected with one another by doorways. The only means of access to the upper floors is by way of a separate entrance from Fifth Street and this is also the means of gaining access to the roof.

Pursuant to a proposal to lease that part of the building consisting of the three upper floors (which at the time of the proposal were, and at present are used for hotel purposes) submitted by the defendant Gettler to plaintiff, a lease for the term of five (5) years was entered into by the parties on the 17th day of October 1946, said lease to become effective January 1, 1947.

The evidence further discloses that at the time this lease was entered into there were advertising signs attached to the outside, front walls of the building. It was further shown that there was a large sign on the roof of these premises for years prior to the occupancy by defendant; that this sign was erected and serviced pursuant to a space lease entered into by the then owner and the Federal Electric Sign Company; that after plaintiff purchased the building in question, he too entered into a space lease agreement for a term of three (3) years with the Federal Electric Sign Company for the erection and maintenance of a sign on the roof for the stipulated rental of one hundred and sixty-five ($165.00) dollars per month. That for a period of over one year after the erection of this present sign on the roof, defendant offered no objection to the use of the stairways and corridors by employees of the Federal Electric Sign Company, who were pursuing their work of servicing said sign.

This cause resulted from the defendant's action in padlocking a window in the corridor of the Mayfair Hotel, which window provided the only means of access to the roof. This window was used by employees of the Federal Electric Sign Company to gain access to the roof in order to service the sign.

The defendant, by way of counterclaim, asks for damages to the floor coverings in the corridors and on the stairways of the hotel, allegedly caused by the employees of the Federal Electric Sign Company, and for damages caused when plaintiff erected a flashing electric sign on the front wall of the building. The intermittent flashing of this sign, it is alleged decreased the rental value of several of the hotel rooms in the proximity of the sign. Defendant also claims that the lease of the premises includes the roof thereof, and asks that the rental payment for the sign be paid over to him.

This matter can be determined solely on the lease, the validity of which is not in question. This lease specifically demises the premises known as 212 East Fifth Street, Cincinnati, Ohio, consisting of twenty-eight rooms, to the defendant, to be used for hotel purposes. (Incidentally, 212 East Fifth Street is also the address of Fenton Dry Cleaners, one of the other tenants in the building.) The lease provides for a rental for a term of years at the fixed amount of one hundred and fifty ($150.00) dollars per month, and further provides that lessee shall keep the corridors and stairways in repair, as well as the sign on the outside of the building. It makes no mention of the roof. The lessor is to keep the outside of the building in repair.

There are four questions to be decided in this matter:

1. Whether the defendant has exclusive control of the stairways and corridors, or merely an easement in common with the Federal Electric Sign Company;

2. Whether the lease gives the defendant the exclusive right to the roof and the sign thereon, or whether he has merely an easement in the roof protecting him in common with the other tenants in the buildings, from the elements.

3. Whether the attachment of a sign to the outside wall of the building by plaintiff was a trespass, and if so what damage, if any, is defendant entitled to;

4. Whether plaintiff is entitled to an injunction ordering the defendant to keep the hall window unlocked and unbarred.

As to the first question, it is conclusively established by a reading of the lease, by the exhibits and by the sworn testimony, that the premises leased to defendant consisted of the twenty-eight rooms and appurtenances, and that as to the stairways and corridors defendant secured only an easement to use in common with the roof tenant, Federal Electric Sign Company.

It was clearly shown by the testimony that the defendant intended to lease the same premises as the former lessee of the hotel, Mary Wolland, and he knew, or should have known, that the roof and sign thereon was not a part of the leased premises. This is evidenced by the statement in the proposal to lease, submitted by defendant, that "You are * * * to keep the outside of said premises, **inclusive** of the walls and roof, in good condition and repair". (Emphasis added.) The evidence also disclosed that for some years immediately preceding the defendant's occupancy of the premises a large sign was standing erected on the roof. There is no mention of a sign in either the lease or the proposal to lease.

The defendant had the benefit of counsel before signing the lease; if at that time he intended that the roof and sign be included as a part of the premises, it is logical to assume that they would have been included.

Vol. 51, Corpus Juris Secundum, page 944, paragraph 291 states:

"A lease of a particular part of a building gives the lessee no rights outside of such part except such as were intended to be included as appurtenant to the beneficial enjoyment thereof * * * the question ultimately depending on the intent

of the parties as interpreted in the light of surrounding circumstances."

The law is practically unanimous that a lease of a part of a building does not include the roof unless specifically stated. As an incident to this phase of the case it might be added that it would stretch the limits of credulity to ask this court to believe that the plaintiff-lessor intended to lease to defendant-lessee the premises in question for one hundred and fifty ($150.00) dollars per month and include in the lease as a part of the premises, the rent from the Federal Electric Sign Company which amounts to one hundred and sixty-five ($165.00) dollars per month, which this defendant claims he is entitled to. Therefore, as to this phase the court concludes that defendant has only an easement in the roof, entitling him to protection from the elements.

According to the terms of the lease, the lessor was to keep the outside walls of the building in repair, and since there is no provision in the lease to the contrary, it must be assumed that control thereof remained vested in lessor.

There is no dispute that at some time after defendant assumed occupancy of the upper floors the plaintiff erected a new sign attached to the outside front wall of the premises. To secure the sign it was necessary to pierce the wall and fasten the sign to the wall from the inside, thereby causing some slight damage to the interior wall of part of the building leased to defendant. Although plaintiff may have had a right to erect the sign, it is quite clear that in doing so he trespassed on defendant-lessee's property and is liable for damages.

There was also some testimony to the effect that the flashing of this electric sign erected by plaintiff decreased the rental value of several of the hotel rooms; however, no evidence was introduced to show any amount of damages in this respect. Defendant was given the opportunity to show this by bringing in the records of his business, but he failed to take advantage of this right. Consequently, there is no evidence before the court upon which an adjudication of damages might be made. It is therefore ordered that nominal damages in the amount of one dollar be assessed against the plaintiff for piercing the walls of the demised premises.

In view of the fact that defendant has only an easement for use of the corridors and stairways, in common with the roof tenant the Federal Electric Sign Company, it is apparent that the window in question, which provides the only means of access to the roof, is likewise subject to the same conditions. It is therefore ordered, adjudged and decreed that the

defendant keep the window unlocked and unbarred, and free access thereto provided.

It is further ordered that the costs of this action be paid by the defendant.